UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 10-11-DLB-6

UNITED STATES OF AMERICA,                                                     PLAINTIFF,

V.                  **RECOMMENDED DISPOSITION**

CHRISTOPHER STEPHEN BURTON,                                    DEFENDANT.

       This matter came before the undersigned for a revocation hearing on August 28, 2017, in Ashland, Kentucky. The charges forming the basis of this action are that on May 12, 2017, the Defendant admitted to the illegal use of marijuana, and signed an acknowledgment admitting such use. As a result, he was charged with violating the following two conditions of supervision:

       (1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician (a Grade C violation); and,

       (2) The defendant shall not commit another federal, state, or local crime (a Grade B violation).

       At the hearing of August 28, 2017, Richard Hughes, Esq., a member of the Court's CJA panel, was appointed to represent Mr. Burton. The United States was present by and through Assistant United States Attorney, David Marye. At that time, the parties informed the Court that the Defendant agreed to admit to the Violation No. 1, which prohibited the use of controlled substances, and Violation No. 2, charging possession of a controlled substance. The matter proceeded by the Court placing the defendant under oath and, after being advised of all applicable rights, including the right to remain silent, his right to the assistance of counsel, and

all rights to a final hearing, the Defendant tendered his plea of guilty to Violation No. 1 and Violation No. 2, in a knowing, intelligent and voluntary fashion. In doing so, Burton admitted to use and possession of marijuana in violation of the conditions of his supervision. As the violations have been established by a preponderance of the evidence, the undersigned recommends that the Defendant be found guilty of both violations. At that time, upon the agreement of counsel, the matter was continued and the Defendant was released on the conditions of supervision.

On October 19, 2017, the matter was called for the purpose of allocution. The parties were present and represented by counsel. The violations in this case having been established by a preponderance of the evidence, the Court turns to consideration of an appropriate sentence. The Defendant, in the presence of counsel was fully advised of his right of allocution before a United States District Judge. He acknowledged an understanding of that right, expressed his desire to waive it and proceed with allocution before the undersigned. A written waiver confirming his intentions was executed on the record, in the presence of counsel and entered into the official court record. [R. 269].

## **SENTENCING RECOMMENDATION**

### **I.**

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for the factors that must be considered in order for a sentence to be properly calculated and imposed. The statute provides:

The court shall impose a sentence sufficient, but not greater than necessary, to

comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II.

In considering the nature and circumstances of the instant offense, and the Defendant's history and characteristics, the court finds the following particularly relevant.

The Defendant's criminal history reflects convictions for Wanton Endangerment in the Second Degree and one prior DUI. In addition, his personal history is one of prior addiction to prescription pills. At the time of sentencing on the underlying case, he was designated as having a category II criminal history.

On April 11, 2011, the Defendant was sentenced within the guidelines in the United States District Court of the Eastern District of Kentucky to a term of 78 months incarceration followed by three years of supervised released after pleading guilty to the charge of Conspiracy

to Distribute Oxycodone , in violation of Title 21 U.S.C. § 846.  His supervision began on May 18, 2015.  He has experienced one previously reported violation of the conditions of his supervision on August 29, 2016, when the supervision officer reported to the Court that Burton had pled guilty to a DUI on July 21, 2016.  He was allowed to continue on supervision, however, on the condition that he complete state DUI counseling classes.

The conduct giving rise to the instant offenses occurred on May 12, 2017, when the United States Probation Officer arrived at Burton's residence to conduct a home visit.  It is reported that Burton met the officer on the porch and informed him that he would test positive for marijuana if a drug test was administered.  A urine sample was then collected and revealed a positive result for THC, evidencing the Defendant's recent illegal use of marijuana.  Burton also signed an admission report, confessing to his use of marijuana.

## **III.**

The kinds of sentences and the sentencing ranges available.

In this action, the most serious violation committed by Burton is a Grade B Violation. Considering the severity of this violation in combination with his criminal history of II, the United States Sentencing Guidelines recommend a sentence of imprisonment of six to twelve months.  The maximum term of imprisonment, however, that can be imposed upon revocation is 24 months, with no maximum limit of supervised release to follow.

## **IV.**

The Court now turns to consideration of the next factors: the need for the sentence

imposed under 18 U.S.C. 3553(a):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court finds that in order to satisfy the above-stated purposes the penalties described sufficiently reflect Burton's past criminal history and the seriousness of the current violation. In this case, this is the second reported violation of his conditions of supervision. Following the first, for DUI, he was required to complete state sponsored DUI classes. In the instant matter, he was entirely forthcoming with the Probation Officer, acknowledging both his violation of the conditions of supervision and his desire not to "waste the officer's time". In addition, as stated at the hearing in this matter, Burton has been and continues to be successfully gainfully employed, considered to be a valued employee by his employer. In this case, the Court is cognizant of the progress made by Burton while on supervised release, and although the United States requested weekends of intermittent confinement, the Court believes that the best course of allowing Burton to continue to return to productive life is to allow him to continue on the same terms of supervision, but direct that the United States Probation Office require him to participate in a designated program of substance abuse treatment. This requires no modification of his current conditions of supervision, but only adds a commitment that he participate in and complete a program during the remainder of his term of supervision. However, the Defendant

should be aware that any future violations of supervision will likely result in revocation of his supervision and commitment to a period of incarceration, thus jeopardizing his productive efforts to ensure his own liberty.

## CONCLUSION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed Violations 1 and 2 as established by his own admission, and therefore has been proven by a preponderance of the evidence.  For the reasons previously stated, the undersigned recommends:

(1) That the Defendant be found guilty of Violations 1 and 2 as alleged;

(2) That his supervision not be revoked and he be allowed to continue on his current conditions of supervision; and,

(3) That in accordance with his conditions of supervision, he be required to attend and successfully complete  a designated program of substance abuse treatment.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy

thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 30, 2017.





7